UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY KULINSKI,

       Plaintiff,                                                  Hon. Janet T. Neff

v.                                                               Case No. 1:18-CV-1422

YATES DIAL-A-RIDE,

       Defendant.

_____/

## ORDER

This matter is before the Court on <u>Defendant's Motion for Judgment on the Pleadings</u>, (ECF No. 14). For the reasons discussed herein, the Court hereby transforms Defendant's motion into a motion for summary judgment under Federal Rule of Civil Procedure 56.

In her complaint, Plaintiff alleges that Defendant violated her rights under Title VII to the Civil Rights Act of 1964. In its motion for judgment on the pleadings, Defendant argues that Plaintiff's action was not timely filed and must, therefore, be dismissed. In support of this argument, Defendant relies on documents which were not included with, or explicitly referenced in, Plaintiff's complaint. Specifically, Defendant is requesting that the Court rely on the complaints Plaintiff filed with the EEOC and the Right to Sue Letters which the EEOC later transmitted to Plaintiff.

When resolving a motion to dismiss pursuant to Rule 12(c), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

In the Court's estimation, the documents on which Defendant is for relief are not central to Plaintiff's claims, but are instead central to Defendant's affirmative defense of exhaustion of remedies.  *See Hardaway v. Hartford Public Works Department*, 879 F.3d 486, 488 (2d Cir. 2018) ("administrative exhaustion under Title VII is an affirmative defense").  Defendant has not cited authority equating in this context a plaintiff's claim with a defendant's affirmative defense. Moreover, Defendant cites to *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), for the proposition that this Court, in the context of a Rule 12(c) motion, can consider "letters that constitute decisions of a government agency."  The Court fails to discern that conclusion in the *Tellabs* decision.  The Court notes that the *Tellabs* Court did indicate that courts can consider in this context "matters of which a court may take judicial notice."  *Tellabs*, 551 U.S. at 322.  However, Defendant has not cited authority for the proposition that the Court can take judicial notice of the documents in question.

Rule 12(d) provides that if a movant relies on matters outside the pleadings to support a Rule 12(c) motion, and the Court declines to exclude such matters, "the motion must be treated as one for summary judgment under Rule 56."  The Court declines to exclude the documents in question. Accordingly, Plaintiff may supplement her response to Defendant's motion, but must do so no later than November 1, 2019.  Likewise, Defendant may supplement its motion, but must do so no later than November 15, 2019.  The Court will then resolve Defendant's motion pursuant to the standard applicable to motions for summary judgment under Federal Rule of Civil Procedure 56.

**IT IS SO ORDERED**.

Dated: October 4, 2019                                         /s/ Ellen S. Carmody               
                                                                                                    ELLEN S. CARMODY
                                                                                                     United States Magistrate Judge