UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY KULINSKI,

          Plaintiff,          Case No. 1:18-cv-1422-JTN-ESC

vs.          HON. JANET T. NEFF

YATES DIAL-A-RIDE,          U.S. MAGISTRATE JUDGE ELLEN S. CARMODY

          Defendant.

| | |
|---|---|
| Betty Kulinski<br>*In Pro Per*<br>8304 South Jefferson Way<br>Baldwin, MI 49305<br>231.408.1024<br>bettykulinski@rocketmail.com | Anthony R. Comden (P44958)<br>MILLER JOHNSON<br>Attorneys for Defendant<br>45 Ottawa Avenue, SW, Suite 1100<br>Grand Rapids, MI 49503<br>616.831.1700<br>comdent@millerjohnson.com |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

### I.    Introduction

On March 20, 2019, Defendant Yates Dial-A-Ride filed a Motion for Judgment on the Pleadings [ECF No. 14]. After Defendant's motion was fully briefed, the Court issued an Order on October 4, 2019, converting Defendant's Rule 12(C) motion to a Rule 56 summary judgment motion. [ECF No. 33] In addition, the Court invited the parties to submit supplemental briefs regarding Defendant's motion. Plaintiff filed her Supplemental Brief on October 31, 2019. [ECF No. 34]

## II. Plaintiff's Supplemental Brief is Entirely Unresponsive to the Issues Presented in Defendant's Motion for Summary Judgment

Defendant's Motion is based on Plaintiff's failure to exhaust administrative remedies and failure to file her lawsuit within 90 days of receiving a Notice of Dismissal from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Supplemental Brief does not address Defendant's arguments regarding her EEOC charge deficiencies. Instead, it is focused exclusively on proposed Defendant James Springstead and addresses matters entirely unrelated to Plaintiff's employment with Defendant Yates Dial-A-Ride.

## III. Summary Judgment under Rule 56 is Appropriate

Under Rule 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Here, for the reasons stated in Defendant's Brief [ECF No. 15] and Reply Brief [ECF No. 24], summary judgment is appropriate, as further confirmed by the United States Supreme Court's decision in *Fort Bend County, Texas v. Davis*, 587 U.S. __ (2019). In *Davis*, which was decided on June 3, 2019, the Supreme Court again confirmed that Title VII's charge-filing requirement are "mandatory." As argued in Defendant's Brief, Plaintiff's race and sex discrimination claims are untimely because she did not file her Complaint with this Court until after the 90-day limitations period expired following Notice of Dismissal from the EEOC. Further, Plaintiff failed to allege that Defendant retaliated against her in violation of Title VII in her EEOC charge, which means that she failed to exhaust her EEOC remedies. Accordingly, Defendant is entitled to summary judgment.

## IV. Conclusion

For these reasons, Defendant requests that the Court grant its Motion and dismiss Plaintiff's lawsuit in its entirety.

Miller Johnson

Attorneys for Defendant

Dated: November 4, 2019   By  /s/ Anthony R. Comden
    Anthony R. Comden (P44958)
    Miller Johnson
    45 Ottawa Avenue S.W., Suite 1100
    P.O. Box 306
    Grand Rapids, MI 49501-0306
    (616) 831-1700
    comdent@millerjohnson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2019 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Date: November 4, 2019   By:   /s/ Anthony R. Comden
    Anthony R. Comden (P44958)