UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY KULINSKI,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:18-CV-1422

YATES DIAL-A-RIDE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, (ECF No. 14), and Plaintiff's Motion for Summary Judgment, (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this matter **terminated**.

## BACKGROUND

       In her complaint, Plaintiff alleges the following. On July 28, 2016, Yates Dial-a-Ride hired Plaintiff as a driver. In February 2018, Plaintiff was "unfairly accused of inappropriate conduct with management." On April 2, 2018, Plaintiff's employment was terminated "due to sexual harassment or insinuating a sexual relationship with management." Plaintiff, a "Caucasian woman," believes that she was "discharged due to her race and gender." Plaintiff initiated this action on December 21, 2018, against Yates Dial-a-Ride asserting three claims under Title VII of the Civil Rights Act of 1964: (1) retaliation; (2) race discrimination; and (3) gender discrimination.

       Defendant subsequently moved for judgment on the pleadings. Plaintiff responded by moving for summary judgment. As the Court articulated in an October 4, 2019 Order, while

Defendant sought relief based on Plaintiff's pleadings, it was nevertheless relying on matters outside the pleadings.  (ECF No. 33.)   Accordingly, the Court converted Defendant's motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 and permitted the parties the opportunity to supplement their pleadings.  (*Id.*)   The parties have now supplemented their pleadings and this matter is ready for decision.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Id.* at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but instead must present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

2

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

As previously noted, Plaintiff has asserted three distinct Title VII claims in this matter: (1) retaliation; (2) racial discrimination; and (3) gender discrimination. A plaintiff must satisfy two

prerequisites before bringing a Title VII action in federal court. She must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter from the EEOC. *See, e.g., White v. Northern Michigan Regional Hospital*, 698 F. Supp. 2d 950, 957-58 (W.D. Mich. 2010). She must then initiate her action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544 (6th Cir. 2013).

Failure by a plaintiff to timely initiate action in federal court does not deprive the court of jurisdiction. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 469 (6th Cir. 2003). Nevertheless, the timeliness requirement is "strictly enforced." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). As the Supreme Court has observed, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Rather, "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.*

While a pro se plaintiff's complaint to the EEOC must be "liberally construed," any subsequent judicial action "must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005); *Duggins v. Steak 'N Shake*, 195 F.3d 828, 831-32 (6th Cir. 1999). Accordingly, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale*, 415 F.3d at 527.

On May 4, 2018, Plaintiff filed a charge of discrimination with the EEOC alleging that Defendant unlawfully terminated her employment because of her race. (ECF No. 10 at PageID.35.) Less than three weeks later, Plaintiff filed a second charge of discrimination with the EEOC, repeating her charge of racial discrimination, but also adding a charge that she was discharged due to her gender. (ECF No. 10 at PageID.36.) In neither of her EEOC submissions did Plaintiff suggest that she had been subjected to unlawful retaliation. (ECF No. 10 at PageID.35-36.) Likewise, Plaintiff did not allege any facts from which it can reasonably be inferred that Plaintiff was advancing a retaliation claim. (*Id.*) Accordingly, Plaintiff's retaliation claim must be dismissed for failure to exhaust administrative remedies. *See Tisdale*, 415 F.3d at 527.

As for Plaintiff's claims of racial and gender discrimination, they much be dismissed for failure to initiate legal action in this Court timely. On May 29, 2018, the EEOC informed Plaintiff that it was terminating its investigation of the allegations in Plaintiff's *second* EEOC charge in which Plaintiff advanced allegations of racial and gender discrimination. (ECF No. 10 at PageID.38.) The notice the EEOC provided to Plaintiff expressly informed her that she "may file a lawsuit against [Yates Dial-a-Ride] under federal law based on this charge," but warned Plaintiff that her lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (ECF No. 10 at PageID.38 (emphasis in original).)

There is a rebuttable presumption that Plaintiff received the EEOC's right to sue letter within five days of its mailing. *See Graham-Humphreys*, 209 F.3d at 557. Plaintiff has presented no evidence to overcome this presumption. Thus, the 90-day period within which Plaintiff could timely file legal action in this Court concerning the claims in her second EEOC charge expired no later than September 1, 2018. Plaintiff, however, did not initiate the present

5

action until December 21, 2018, rendering untimely her claims for racial and gender discrimination.

The EEOC did not send a right-to-sue letter to Plaintiff concerning the allegations in her first EEOC charge until September 21, 2018.  (ECF No. 10 at PageID.39.)   This raises the question whether Plaintiff's claim of racial discrimination should be deemed timely filed because Plaintiff filed the present action within 90 days of receiving her second right-to-sue letter.

As Defendant notes, this does not appear to be a question courts have often confronted. Nevertheless, the Sixth Circuit has concluded that, when a plaintiff receives multiple right-to-sue notifications from the EEOC concerning the same or a similar EEOC charge, the 90-day window to file an action in federal court is triggered by the initial right-to-sue letter.  *See Brown v. Mead Corp.*, 646 F.2d 1163, 1164-67 (6th Cir. 1981) (where EEOC issued multiple right-to-sue letters regarding the same allegation, the 90-day period to file suit in federal court was triggered by receipt of the first right-to-sue letter); *see also Haygood v. ACM Med. Lab., Inc.*, 642 F. App'x 27, 28 (2d Cir. 2016); *Emerick v. Wood River – Hartford School District No. 15*, 2017 WL 2778624, at *6-7 (S.D. Ill. June 27, 2017) (same); *Kassa v. Lifepoint Health, Inc.*, 2017 WL 487024, at *2 (M.D. Ga. Feb. 6, 2017) (same).  To conclude otherwise would render meaningless the relevant time limitations, as it would enable a claimant to indefinitely extend the filing deadline simply by securing multiple right-to-sue letters.  *See, e.g., Emerick*, 2017 WL 2778624 at *7; *Kassa*, 2017 WL 487024 at *2.  Moreover, here, Plaintiff's second charge with the EEOC covered her claims based both on race and gender.   (ECF No. 10 at PageID.36.)

While Plaintiff failed to initiate her racial and gender discrimination claims timely, she can nevertheless avoid dismissal of these claims on statute of limitation grounds if she demonstrates that she is entitled to equitable tolling.   The Supreme Court has observed, however, that equitable

6

tolling is to be applied "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). When assessing whether equitable tolling applies, the Court must consider the following factors, none of which are dispositive: (1) lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). Plaintiff bears the burden to demonstrate that affording her the benefit of equitable tolling is appropriate. *See, e.g., Morris v. Russellville Independent Board of Education*, 2019 WL 1779583, at *4 (W.D. Ky. Apr. 23, 2019) (collecting cases).

Examination of the relevant factors compels the conclusion that Plaintiff is not entitled to equitable tolling. The initial right-to-sue letter Plaintiff received from the EEOC expressly informed her of the 90-day window within which to initiate legal action. Thus, Plaintiff cannot claim ignorance of the applicable deadline. Plaintiff presents no argument that she has acted diligently or reasonably in this matter. In fact, Plaintiff presents no argument that she is entitled to equitable tolling. Having failed to meet her burden, the Court finds that Plaintiff is not entitled to the benefit of equitable tolling.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's retaliation claim be dismissed for failure to exhaust administrative remedies and Plaintiff's gender and racial discrimination claims be dismissed on timeliness grounds. Accordingly, the undersigned further recommends that: (1) Plaintiff's Motion for Summary Judgment (ECF No. 19) be **denied**; (2) Defendant's Motion for Judgment on the Pleadings (ECF No. 14) be **granted**; and (3) this matter **concluded**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 26, 2019                            /s/ Sally J. Berens
                                                                              SALLY J. BERENS
                                                                              United States Magistrate Judge