# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BETTY KULINSKI,

          Plaintiff,          Case No. 1:18-cv-1422-JTN-ESC

vs.          HON. JANET T. NEFF

YATES DIAL-A-RIDE,          U.S. MAGISTRATE SALLY J. BERENS

          Defendant.

| Betty Kulinski<br>*In Pro Per*<br>8304 South Jefferson Way<br>Baldwin, MI 49305<br>231.408.1024<br>bettykulinski@rocketmail.com | Anthony R. Comden (P44958)<br>MILLER JOHNSON<br>Attorneys for Defendant<br>45 Ottawa Avenue, SW, Suite 1100<br>Grand Rapids, MI 49503<br>616.831.1700<br>comdent@millerjohnson.com |
|---|---|

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S OBJECTION [ECF NO. 40] AND IN SUPPORT OF THE MAGISTRATE'S REPORT AND RECOMMENDATION [ECF NO. 39] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I.    Introduction

On March 20, 2019, Defendant Yates Dial-A-Ride filed a Motion for Judgment on the Pleadings [ECF No. 14]. After Defendant's motion was fully briefed, the Court issued an Order on October 4, 2019, converting Defendant's Rule 12(C) motion to a Rule 56 summary judgment motion. [ECF No. 33] In addition, the Court invited the parties to submit supplemental briefs regarding Defendant's motion. Plaintiff filed her Supplemental Brief on October 31, 2019 [ECF No. 34] and Defendant filed its Supplemental Brief on November 4, 2019 [ECF No. 37]. The

Magistrate Judge then issued her Report and Recommendation [ECF No. 39] granting Defendant's Motion. Plaintiff filed her Objections [ECF No. 40] on December 10, 2019.

The Magistrate Judge correctly held that Plaintiff's retaliation claim must be dismissed because she did not file a charge of discrimination with the EEOC alleging retaliation. Plaintiff apparently does not challenge this finding. The Magistrate Judge also found that Plaintiff's claims of racial and gender discrimination must be dismissed because Plaintiff did not file this lawsuit within 90 days of the date on which she received her first EEOC Dismissal and Notice of Rights to sue. Plaintiff challenges this ruling, claiming for the first time before this Court that she is entitled to the benefit of equitable tolling. For the reasons stated below, Plaintiff has waived her equitable tolling argument and, in any event, is not entitled to its protection.

## II. Plaintiff Waived her Equitable Tolling Argument by Failing to Make This Argument to the Magistrate Judge

In her Objection, Plaintiff argues, for the first time, that her racial and gender discrimination claims are timely because the filing deadline was extended by equitable tolling. Plaintiff filed several briefs with this Court responding to Defendant's Motion and in support of her own motions, yet she never once argued that her racial and general discrimination claims were timely under the doctrine of equitable tolling. She only makes that argument now because Magistrate Berens *sua sponte* briefly considered whether Plaintiff's claims were saved by equitable tolling.[1]

As this Court has previously recognized, a party waives an argument made to the District Court that he or she failed to present initially to the Magistrate Judge. *Jackson v Lafler,* No. 1:10-cv-543, 2010 WL 5071185 (W.D. Mich. Dec 7, 2010), citing *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998);

---

[1] Magistrate Berens acknowledged that Plaintiff had not argued for equitable tolling: "In fact, Plaintiff presents no argument that she is entitled to equitable tolling." (ECF No. 39 PageID.377)

*Marr v. Foy,* No. 1:07-cv-908, 2010 WL 3061297 (W.D. Mich. Aug. 3, 2010); *Jones-Bey v. Caruso,* 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009).

### III. Plaintiff's Untimely Claims Are Not Saved by Equitable Tolling

Even if the Court considers Plaintiff's equitable tolling argument notwithstanding her failure to raise it below, she is not entitled to the protections of equitable tolling. Equitable tolling "is to be narrowly applied." *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 424 (6th Cir. 2009). To determine whether equitable tolling is available to a plaintiff, a court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Jackson v. United States,* 751 F.3d 712, 719-20 (6th Cir. 2014). More recently, the Supreme Court has emphasized that equitable tolling requires a party to satisfy two distinct elements: diligent pursuit of its rights and extraordinary circumstances beyond its control preventing timely filing. *Menominee Indian Tribe of Wisconsin v U.S.*, __ U.S. __, __; 136 S. Ct. 750, 755 (2016).

Here, the Magistrate Judge properly concluded that equitable tolling does not apply. The first EEOC right-to-sue letter expressly stated that she had 90 days to institute legal action, so Plaintiff had direct notice of the time within which to file this lawsuit. Even assuming *arguendo* that Plaintiff was diligent in the pursuit of her rights based on her communication with her attorney, she has not shown that some extraordinary circumstance stood in her way to timely file her lawsuit. Mere negligence or mistake by her attorney does not create the requisite exceptional circumstances to justify application of equitable tolling. *Nilson v. Commissioner of Social Security,* No. 1:18-cv-908, 2019 WL 2344033 (W.D. Mich. June 3, 2019).

## IV. Conclusion

For these reasons, Defendant requests that the Court deny Plaintiff's Objection, grant Defendant's Motion, and dismiss Plaintiff's lawsuit in its entirety.

MILLER JOHNSON

Attorneys for Defendant

Dated: December 19, 2019  By  */s/ Anthony R. Comden*
Anthony R. Comden (P44958)
MILLER JOHNSON
45 Ottawa Avenue S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700
comdent@millerjohnson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2019 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Date: December 19, 2019  By:  */s/ Anthony R. Comden*
Anthony R. Comden (P44958)