UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY KULINSKI,

    Plaintiff,

v.

YATES DIAL-A-RIDE,

    Defendant.
_____/

Case No. 1:18-cv-1422

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff and Defendant filed cross dispositive motions in this employment discrimination/retaliation case.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Plaintiff's motion be denied, Defendant's motion be granted, and judgment be entered in favor of Defendant. The matter is presently before the Court on Plaintiff's objections and Defendant's response to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in determining Plaintiff was not entitled to equitable tolling (ECF No. 40 at PageID.379) with regard to her discrimination claims. Plaintiff contends that she "did not know that the original [c]harge was filed too late" and that she "relied

---

[1] Defendant filed a motion for judgment on the pleadings, but relied on matters outside the pleadings; accordingly, the motion was converted to a motion for summary judgment.

on [her attorney] to know what he was doing including keeping track of dates and deadlines" (*id*. at PageID.380-381). The Report and Recommendation correctly stated the factors considered for equitable tolling in Title VII cases such as this:

> The Supreme Court has observed, however, that equitable tolling is to be applied "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). When assessing whether equitable tolling applies, the Court must consider the following factors, none of which are dispositive: (1) lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). Plaintiff bears the burden to demonstrate that affording her the benefit of equitable tolling is appropriate. *See, e.g., Morris v. Russellville Independent Board of Education*, 2019 WL 1779583, at *4 (W.D. Ky. Apr. 23, 2019) (collecting cases).

(ECF No. 39 at PageID.376-377). Plaintiff's objection confirms she received the EEOC right-to-sue "notices," which included the deadline requirements (ECF No. 40 at PageID.379). Plaintiff states she forwarded the notices on to her attorney (*id*.). This further supports the Magistrate Judge's conclusion that "Plaintiff cannot claim ignorance of the applicable deadline" (ECF No. 39 at PageID.377).

Plaintiff argues she was diligent in pursuing her rights: "I worked hard to make sure that everything was done on time, even when I did not know what I was doing or even what to do" (ECF No. 40 at PageID.381). Plaintiff submits 81 pages of new evidence in support of her objection and her argument, including online communications with an attorney in Washington, D.C., who purportedly was working with her on this case. However, the documentation submitted fails to establish circumstances that warrant the unusual remedy of equitable tolling.

Although it is difficult to piece together the underlying circumstances from the documentation submitted, to the extent Plaintiff had communications with an attorney, such circumstances did not relieve Plaintiff of the responsibility and obligation to ensure the timely

filing of her case under the above factors, particularly where Plaintiff directly received all the notices. The Retainer Agreement submitted expressly states counsel's representation was limited to mediation, which ultimately never occurred (ECF No. 40-1 at PageID.388). Plaintiff filed her case *pro se*. Plaintiff does not provide evidence that she attempted to inform herself of the process to file the claim once she received the EEOC notice (ECF No. 40 at PageID.379). In fact, the timeline in Plaintiff's objection outlines that from June 23rd to December 20th, 2018, all Plaintiff did was forward the "notices" to her attorney and request a copy of her "file" through the Freedom of Information Act, forwarding a copy to the attorney and keeping a copy for herself (*id.*).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Such was not the case here. "Having failed to meet her burden, the Court finds that Plaintiff is not entitled to the benefit of equitable tolling" (ECF No. 39 at PageID.377). The objections are denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court has considered but does not certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 40) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 39) is APPROVED and

ADOPTED as the Opinion of the Court; Plaintiff's retaliation claim is dismissed for failure to exhaust administrative remedies and Plaintiff's gender and racial discrimination claims are dismissed on timeliness grounds.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings, construed as a motion for summary judgment (ECF No. 14) is GRANTED.

**IT IS FURTHER ORDERED** that this Court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: February 27, 2020  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge